UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAVIGATORS UNDERWRITING AGENCY LIMITED, CHUBB MANAGING AGENT LTD, AEGIS MANAGING AGENCY LIMITED, ARGENTA SYNDICATE MANAGEMENT LIMITED, CANOPIUS MANAGING AGENTS LIMITED, ARGO MANAGING AGENCY LIMITED, MS AMLIN UNDERWRITING LTD, LIBERTY MANAGING AGENCY LTD, BEAZLEY FURLONGE LIMITED, CATHEDRAL UNDERWRITING LIMITED, PIONEER UNDERWRITING LTD, NOVAE SYNDICATES LIMITED, CHAUCER SYNDICATES LIMITED, ANTARES MANAGING AGENCY LIMITED, HISCOX SYNDICATES LIMITED, ALLIED WORLD MANAGING AGENCY LIMITED and PEMBROKE MANAGING AGENCY LIMITED, | CIVIL ACTION NO. |
| Plaintiffs, | **COMPLAINT FOR DECLARATORY JUDGMENT IN ADMIRALTY** |
| v. | |
| MICRON TECHNOLOGY, INC. and HSBC BANK USA, N.A., | |
| Defendants. | |

Plaintiffs NAVIGATORS UNDERWRITING AGENCY LIMITED, CHUBB

MANAGING AGENT LTD, AEGIS MANAGING AGENCY LIMITED, ARGENTA

SYNDICATE MANAGEMENT LIMITED, CANOPIUS MANAGING AGENTS LIMITED,

ARGO MANAGING AGENCY LIMITED, MS AMLIN GROUP, LIBERTY MANAGING

AGENCY LTD, BEAZLEY FURLONGE LIMITED, CATHEDRAL UNDERWRITING

LIMITED, PIONEER UNDERWRITING LTD, NOVAE SYNDICATES LIMITED,

CHAUCER SYNDICATES LIMITED, ANTARES MANAGING AGENCY LIMITED,

HISCOX SYNDICATES LIMITED, ALLIED WORLD MANAGING AGENCY LIMITED,

and PEMBROKE MANAGING AGENCY LIMITED, (collectively "Plaintiffs"), by and through their attorneys, Duane Morris, LLP, as and for their Complaint against Defendants MICRON TECHNOLOGY, INC. ("Micron") and HSBC BANK USA, N.A. ("HSBC") alleges upon information and belief as follows:

1.      Plaintiffs bring this action for a declaratory judgment pursuant to 28 U.S.C. §2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure.

2.      This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the Admiralty jurisdiction of this Court pursuant to 28 U.S.C. §1333.

3.      The Court also has jurisdiction over this claim per 28 U.S.C. § 1332 in that Plaintiffs are citizens or subjects of a foreign state; Defendant Micron is a citizen of the State of Delaware with it principal place of business at 8000 S. Federal Way, Boise, ID 83707-0006 and Defendant HSBC is a citizen of the Commonwealth of Maryland with its principal office at 452 Fifth Avenue, New York, New York.

4.      The citizenship of the parties is diverse and, the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      Venue in this district is proper pursuant to an agreement between Plaintiffs and Defendants.

6.      Venue is also proper in this district pursuant to 28 U.S.C. §1391.

## PARTIES

7.      Plaintiffs are foreign business entities organized and existing under the laws of, and are citizens or subjects of England and Wales doing business as marine insurers at Lloyd's of London, 1 Lime Street, London, EC3M 7HA, United Kingdom.

2

8.      Plaintiff Navigators Underwriting Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 6 Bevis Marks, Floor 7-8, London, United Kingdom, EC3A 7BA.

9.      Plaintiff Chubb Managing Agent Ltd. is an entity organized and existing under the laws of England and Wales, with a principal place of business at 100 Leadenhall Street, London, United Kingdom, EC3A 3BP.

10.     Plaintiff AEGIS Managing Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 33 Gracechurch Street, London, United Kingdom, EC3V 0BT.

11.     Plaintiff Argenta Syndicate Management Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 5th Floor, 70 Gracechurch Street, London, United Kingdom, EC3V 0XL.

12.     Plaintiff Canopius Managing Agents Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at Gallery 9, One Lime Street, London, United Kingdom EC3M 7HA.

13.     Plaintiff Argo Managing Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at Exchequer Court, 33 St Mary Axe, London, United Kingdom, EC3A 8AA.

14.     Plaintiff MS Amlin Underwriting Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at The Leadenhall Building, 122 Leadenhall Street, London, United Kingdom EC3V 4AG.

DM1\8906230.1

15.     Plaintiff Liberty Managing Agency Ltd. is an entity organized and existing under the laws of England and Wales, with a principal place of business at 20 Fenchurch Street, London, United Kingdom EC3M 3AW.

16.     Plaintiff Beazley Furlonge Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at Plantation Place South, 60 Great Tower Street, London, United Kingdom EC3R 5AD.

17.     Plaintiff Cathedral Underwriting Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 20 Fenchurch Street, London, United Kingdom EC3M 3BY.

18.     Plaintiff Pioneer Underwriting Ltd. is an entity organized and existing under the laws of England and Wales, with a principal place of business at 7 Bishopsgate, London, United Kingdom EC2N 3AR.

19.     Plaintiff Novae Syndicates Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 21 Lombard Street, London United Kingdom EC3V 9AH.

20.     Plaintiff Chaucer Syndicates Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at Plantation Place, 30 Fenchurch Street, London, United Kingdom EC3M 3AD.

21.     Plaintiff Antares Managing Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 21 Lime Street, London, United Kingdom, EC3M 7HB.

DM1\8906230.1

22.     Plaintiff Hiscox Syndicates Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 1 Great St Helens, London, United Kingdom EC3A 6HX.

23.     Plaintiff Allied World Managing Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at 20 Fenchurch Street, London, United Kingdom EC3M 3BY.

24.     Plaintiff Pembroke Managing Agency Limited is an entity organized and existing under the laws of England and Wales, with a principal place of business at Level 3, 8 Fenchurch Place, London, United Kingdom EC3M 4AJ.

25.     Plaintiffs do business in the United States through their agent Falvey Cargo Underwriting, Ltd., 66 Whitecap Drive, North Kingstown, Rhode Island 02852.

26.     Upon information and belief, Micron is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 8000 S. Federal Way, Boise, Idaho 83716.

27.     Micron is in the business of the production, distribution, shipment and sale of semiconductor wafers.

28.     Upon information and belief, HSBC is a corporation organized and existing under the laws of Maryland, with its principal place of business in New York at 452 Fifth Avenue, Tower 7, New York, New York 10018.

## FACTS

**The Policy**

29.     Plaintiffs issued Marine Cargo Policy No. MC-2388 to Micron Technology, Inc. effective June 15, 2015 to June 15, 2018 ("Policy").

30.     A copy of the Policy is Exhibit 1, and is incorporated as if herein set forth at length.

31.     The Policy provides Marine Cargo Insurance against specified risks of loss subject to the policy terms, conditions, and exclusions, all of which are incorporated as if set forth at length herein and the governing maritime law.

32.     HSBC is identified as a Lender Loss Payee on the Policy.

33.     As a Lender Loss Payee for losses payable under the Policy, HSBC is a necessary party to this litigation.

34.     The Policy is one for marine insurance.

35.     As a marine insurance policy, the Policy is governed by United States Federal Admiralty law.

36.     Endorsement No. 5 to the Policy provides in part:

> It is understood and agreed that **Clause No. 66, SERVICE OF SUIT**, is canceled and simultaneously replaced with the following:
>
> 66.     SERVICE OF SUIT
>
> It is agreed that in the event of any dispute arising with respect to payment of any amount claimed to be due hereunder, Underwriters and the Assured hereon agree to submit to the jurisdiction of the United States District Court for the Southern District of New York, or, in the event the United States District Court for the Southern District of New York lacks federal subject matter jurisdiction, to the jurisdiction of the Supreme Court of the State and the County of New York, and will comply with all requirements necessary to establish jurisdiction with such Court and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
>
> If it is determined by the United States District Court for the Southern District of New York, or in the alternative the Supreme Court of the State and the County of New York, that this forum selection is not enforceable, Underwriters will, at the request of the Assured, submit to the jurisdiction of a court of competent jurisdiction within the United States of America, in which event

DM1\8906230.1

Underwriters shall have the right to remove the action to a United States Federal District Court, or to seek remand therefrom, or to seek a transfer to any other court of competent jurisdiction, as permitted by the laws of the United States of America or state, and provided further that nothing in this provision constitutes a waiver of Underwriter's rights to commence an action in any court of competent jurisdiction in the United States of America.

*       *       *

GOVERNING LAW AND JURISDICTION

This is a Policy of Marine Insurance governed by the United States federal maritime law as recognized in the United States Court of Appeals for the Second Circuit, and to the extent the federal maritime law does not provide an applicable rule of law, then by the law of the State of New York, independent of any rules as to choice of law.

37.    The Policy coverage provides a limit up to $50,000,000 at any one scheduled location.

38.    The Policy coverage is subject to a deductible of $100,000 per Loss.

39.    Clause 10.7 of the Policy provides in part:

10.7    Goods not in the ordinary course of transit to be valued as follows:

A.    On stock in process, the value of raw materials and labor expended.

40.    Clause 71 of the Policy provides:

**71.    <u>PROCESS CLAUSE</u>**

This Insurance remains in full force while the subject matter insured is under any process, but in no case shall extend to cover any loss or damage thereto solely caused by such process or resulting therefrom.

7

**The Claim**

41.     Micron fabricates semiconductor wafers at its Taiwan fabrication facility.

42.     High purity nitrogen is a critical utility in the fabrication or production of semiconductor wafers.

43.     The fabrication process of the semiconductor wafers requires a clean room environment of pure nitrogen.

44.     Micron's Taiwan fabrication facility includes three fabrication buildings operating as a single plant with a dedicated pure nitrogen supply.

45.     Micron's Taiwan fabrication facility has a dedicated pure nitrogen supply for the clean room fabrication process.

46.     In October 2017, Micron first reported an event at its Taiwan fabrication plant that occurred in July of that year.

47.     Micron reported that in July 2017, the pure nitrogen utility critical to the clean room process contained oxygen.

48.     Micron reported that the condition resulted in a decision to scrap the wafers-in-process in the clean room, with a value of about $7.8 Million.

49.     The wafers claimed for did not suffer physical damage or injury.

50.     The wafers claimed for were "stock in process" at the time of the claimed loss.

51.     Micron claims the wafers were damaged by the fabrication process or that the claimed damage resulted therefrom.

52.     The damage claimed was not physical loss or damage from an external cause.

53.     The semiconductor wafers were not damaged by an external cause.

54.     The semiconductor wafers were not in the ordinary course of transit when the claimed damage occurred.

8

55.     Micron disposed of the wafers.

### FIRST CAUSE OF ACTION

56.     Plaintiffs repeat and reallege each and every paragraph contained herein.

57.     The Policy only responds for fortuitous losses.

58.     The claimed damage to the semiconductor wafers was not the result of a fortuity.

59.     Plaintiffs request that the Court issue Judgment declaring that Micron's claim for damage to the semiconductor wafers is not covered for want of a fortuity.

### SECOND CAUSE OF ACTION

60.     Plaintiffs repeat and reallege each and every paragraph contained herein.

61.     The Policy covers only physical loss or damage from external cause.

62.     The claimed damage to the semiconductor wafers is neither physical loss or damage, nor from an external cause.

63.     Plaintiffs request that the Court issue Judgment declaring that the Micron's claim for damage to the semiconductor wafers is not covered for want of physical loss or damage from external cause.

### THIRD CAUSE OF ACTION

64.     Plaintiffs repeat and reallege each and every paragraph contained herein.

65.     The Policy is extended to cover "lawful goods and/or merchandise and/or property…including…work in process".

66.     The Policy does not "cover any loss or damage thereto solely caused by such process or resulting therefrom".

67.     The damage claimed to the wafers was caused by or resulted from the process.

68.     Plaintiffs request that the Court issue Judgment declaring that Micron's claim for damage to the wafers is not covered because it was caused by or resulted from the process.

9

## FOURTH CAUSE OF ACTION

69.     Plaintiffs repeat and reallege each and every paragraph contained herein.

70.     Micron's claim for damage to the wafers is not of the type covered under the Policy.

71.     Plaintiffs request that the Court issue Judgment declaring that the claim for damage to the wafers is not covered.

## ALTERNATIVE FIFTH CAUSE OF ACTION

72.     Plaintiffs repeat and reallege each and every paragraph contained herein.

73.     Alternatively, if Micron's claim for damage to the semiconductor wafers is covered under the Policy, then the claim should be valued pursuant to Clause 10.7 (A).

74.      In the alternative, if this Court determines Micron's claim for damage to the semiconductor wafers is covered under the Policy, Plaintiffs request that the Court issue Judgment declaring that the claim should be valued pursuant to Policy Clause 10.7 (A).

DM1\8906230.1

## **PRAYER**

WHEREFORE, Plaintiffs pray that this Court issue judgment:

(1) declaring that there is no coverage for the Claim under the Policy or

otherwise;

(2) alternatively, declare that if the claim is covered, it is valued per Policy clause

10.7(A);

(3) award Plaintiffs their legal fees and expenses and costs incurred herein; and

(4) grant such other and further relief as the Court deems just and proper.

Dated:  August 24, 2018
        Newark, NJ

/s/ James W. Carbin
James W. Carbin
P. Ryan McElduff
Duane Morris LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 1800
Newark, NJ 07102
Tel: 973-424-2000
Fax: 973-424-2001

DM1\8906230.1