```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
NAVIGATORS UNDERWRITING AGENCY LIMITED, ET
AL.,
                Plaintiffs,                    MEMORANDUM AND ORDER
         - against -
                                               18 Civ. 7736 (NRB)
MICRON TECHNOLOGY, INC.,
                Defendant.
---------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Plaintiff insurers (hereinafter "Underwriters") move for an order enjoining defendant Micron Technology, Inc. (hereinafter "Micron") from prosecuting claims -- concerning the same insurance policy and losses at issue in the instant case -- that Micron brought against Underwriters in a later-filed action in the United States District Court for the Northern District of California. See Micron Technology, Inc. v. Factory Mutual Ins. Co., No. 3:18-cv-07689-WHA (N.D. Cal. 2018) (hereinafter "the California action"). Micron opposes that motion and cross-moves for three alternative forms of relief: (1) dismissal of the instant case for improper venue; (2) transfer of this case to the Northern District of California; or (3) an order staying this case until the California action has concluded. For the reasons that follow,

1

Micron's motion to dismiss is granted.  Consequently, all other relief sought by the parties is denied as moot.

## I.   Analysis

Though the parties' cross-motions seek different forms of relief, they collectively boil down to a dispute over the proper venue for this case.

"[W]here there are two competing lawsuits, the [venue of the] first [filed] suit should [generally be given] priority."  New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (alteration and internal quotation marks omitted); see New York v. Exxon Corp., 932 F.2d 1020, 1025 (2d Cir. 1991) ("[W]here an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action." (internal quotation marks omitted)). However, "the first-filed rule does not constitute an invariable mandate," and the Second Circuit has clearly delineated its exceptions.  As relevant here, "a district court may dismiss the first-filed" suit outright if the court deems the suit to be "an improper anticipatory declaratory judgment action."  Employers Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008).  "[A]

2

declaratory judgment action [is] [improperly] anticipatory[] [if] it [is] filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." Id. at 276. The instant suit falls neatly within this exception.

In a February 22, 2018 notice letter, Micron expressly declared its intent to "commence litigation against [Underwriters]" by a date certain -- May 14, 2018 -- unless the parties could sooner resolve their dispute over insurance coverage for a specified loss event. ECF No. 80, Ex. B at 2. While it attempted to negotiate with Underwriters in good faith over the ensuing months, Micron twice issued notice letters providing for brief extensions of the sue-by date. The final sue-by date of September 10, 2018 was in place when, after the parties engaged in a reportedly unfruitful mediation session, Underwriters evidently elected to preempt Micron's stated intent by filing the instant declaratory action on *their* terms and in a forum of *their* choosing on August 27, 2018.

"Courts in this district . . . routinely dismiss[] [as improperly anticipatory] declaratory actions that were prompted by receipt of [] notice letter[s]" of the sort that Underwriters received from Micron.  Cephalon, Inc. v.

3

Travelers Companies, Inc., 935 F. Supp. 2d 609, 614 (S.D.N.Y. 2013) (Sullivan, J.) (collecting cases).  "Where courts have entertained [] declaratory action[s] despite the plaintiff's receipt of pre-suit correspondence," it has generally been because that correspondence failed to plainly specify "all three indicia of impending litigation": the nature of the claim or claims intended to be filed, a sue-by date, and a proposed forum for filing.  Id.  "While it may be preferable for [a] notice to cover all three bases, any of the factors is sufficient to provide [] notice" adequate to render a subsequently-filed declaratory judgment action improperly anticipatory.  Id. (internal quotation marks omitted). "Given these parameters, the Court concludes that [Underwriters'] action is plainly anticipatory" and subject to dismissal.  Id. at 615.  Such a finding is particularly appropriate in this case, where Underwriters waited three months before actually serving Micron with their complaint, indicating that Underwriters filed their suit specifically to lock in a win in a "race to the courthouse[]" that Micron did not even have cause to believe it was in.  Id. at 613 (internal quotation marks omitted).[1]

---

[1] The conclusion that this action is improperly anticipatory is not undermined by the clearly-titled "SERVICE OF SUIT" clause contained in the underlying insurance policy, which provided that the parties would submit to the jurisdiction of the United States District Court for the

## II.  Conclusion

For the foregoing reasons, Micron's motion to dismiss Underwriters' complaint is granted without prejudice to Underwriters advancing their claims in an appropriate forum; all other relief sought by the parties is accordingly denied as moot.

The Clerk of Court is respectfully directed to terminate all pending motions and to close the case.

**SO ORDERED.**

Dated:    New York, New York
          April 11, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

Southern District of New York in the event of a dispute. ECF No. 1 at 6. Contrary to Underwriters' contention that this provision "mandates [that] this suit proceed in New York," ECF No. 81 at 2, "it is well-settled that a service of suit clause . . . does not bind the parties to litigate in a particular forum," but rather "provides no more than a consent to jurisdiction" that is commonly included in insurance policies "to assure potential policyholders" that foreign insurers, such as Underwriters, "would be amenable to service of process in the United States." Dornoch Ltd. ex rel. Underwriting Members of Lloyd's Syndicate 1209 v. PBM Holdings, Inc., 666 F. Supp. 2d 366, 370 (S.D.N.Y. 2009) (internal quotation marks omitted). The parties' consent to personal jurisdiction does not render this Court an appropriate venue for this case on this record.